**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GLORIA P. RILEY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-691-BAJ-DLD** |
| **REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY** | |

**MAGISTRATE JUDGE'S REPORT**

This matter comes before the court on plaintiff Gloria P. Riley's motion to remand in which she claims that the requisite amount in controversy has not been met in this case removed under the court's diversity jurisdiction. (rec. doc. 3) Defendant Republic Fire and Casualty Insurance Company has opposed the motion. (rec. doc. 4)

**Background**

Plaintiff originally filed suit in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, seeking recovery under her homeowner's policy for wind and rain damages arising from Hurricane Gustav.  Although plaintiff does not list a specific amount claimed from her  insurer, Republic Fire and Casualty, she states that wind damaged a large portion of the roof, including blowing away or badly damaging some of the felt, sheathing, and turbines; and several windows were blown out.  In addition, "[n]umerous storm-related penetrations through the structure's otherwise waterproof "skin" allowed  wind-driven rain to saturate the insulation, drywall, and paint finishes of  the interior of the dwelling, together with its contents." (rec. doc 1-2, para. 7, p. 2) Other damage resulted from flying debris from neighboring properties.  (Id. para. 8)  As a result, " [t]he  perils damaged, destroyed or otherwise rendered the [house] uninhabitable." ( rec.

doc. 1-2, para. 5, p. 2). Plaintiff further claims in paragraphs 10, 11, and 28 of her petition that defendant is liable for the value of the property as determined by the policy valuation, which is reflected by the premium charged, and for additional living expenses, loss of use, property damage, inconvenience, damage to contents, and other structures. And last, plaintiff seeks penalties as the result of defendant's breach of its obligations under the policy. (rec. doc. 1-2, para. 18,19,10,21,22, and 23).

Defendant removed the case to federal court under the court's diversity jurisdiction. In its notice of removal, defendant cited to plaintiff's petition for a recitation of the damages alleged, and also submitted an affidavit and declarations page providing the limits of liability referenced but not listed in plaintiff's petition: Coverage A – Dwelling: $125,700.00; Coverage B – Other Structures: $12,570.00; Coverage C – Personal Property: $87,990.00; and Coverage D – Loss of Use: $25,140.00. Defendant also provided evidence through the affidavit that only $2,192.13 had been paid out under the policy thus far. (rec. doc. 1-3)

Plaintiff quickly filed a motion to remand, based entirely on her attorney's post-removal stipulation "that the total sum or value in controversy in this cause of action does not exceed $75,000. . . . " (Rec. doc. 3-2, p. 1). Defendant opposes the motion, arguing that the facts alleged in the petition clearly put more than $75,000 in controversy; thus plaintiff's post-removal attempt to change the amount must fail.

**Law and Analysis**

It is axiomatic that the party seeking removal carries the burden of proving the existence either of diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003*), citing Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)*, and Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008). Where

diversity jurisdiction is alleged, defendant must establish facts that establish both the existence of diversity of citizenship and of the requisite amount in controversy. Diversity of citizenship is not at issue in this motion – plaintiff is a citizen of Louisiana and defendant is a citizen of Oklahoma and Texas; thus, the only issue before the court is whether the amount in controversy is satisfied.

When a case is removed on the basis of diversity jurisdiction, as here, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory seventy-five thousand ($ 75,000) dollar jurisdictional amount at the time of removal. *Simon v. Wal- Mart Stores, Inc.,* 193 F. 3d 848, 850 (5th Cir. 1999). The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy. *De Aguilar v. Boeing Co,* 47 F.3d 1404, 1412 *[De Aguilar II],* (5th Cir. 1995).

Regardless of how defendant makes the showing, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant carries this burden, then the case can be remanded only where the plaintiff proves to a legal certainty that the amount in controversy at the time of removal nonetheless fell below $75,000. *E.g., Manguno v. Prudential Property and Casualty Company,* 276 F.3d 720, 724 (5th Cir. 2002). Plaintiff may establish this by identifying a statute, or by filing a binding stipulation, that so limits her recovery. *Id.* A post-removal stipulation to a lesser amount, however, cannot deprive the court of jurisdiction once obtained, as, for example, where it is clear from the face of the

petition that more than $75,000 was in controversy at the time of removal. *See, e.g., Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1336 (5th Cir. 1995)  A different situation arises when a post-removal affidavit is offered to clarify an ambiguous petition.  *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F. 2d 559 (5th Cir.1993).  In *ANPAC*, the Fifth Circuit held that a post- removal affidavit stipulating that the claim did not exceed the jurisdictional amount may be referred to when the amount in controversy is not clear in the petition or the notice of removal.

In this case, plaintiff claims that her home was so damaged by wind and rain from Hurricane Gustav that it was uninhabitable – wind blew off portions of the roof and rain soaked through the walls, damaging drywall, insulation, paint finishes, and contents of the home.  Plaintiff estimates the damage to be the value of the home, which she estimates to be the value of the policy limits.  Those limits were provided by defendant in the notice of removal, along with the amount paid out thus far, leaving well over $75,000 at issue on property damages alone, before taking into consideration penalties or other items of damage such as loss of use.  Thus, as of the time of removal, diversity jurisdiction existed on the facts alleged in the petition, with further and additional corroboration by evidence presented by affidavit in the notice of removal.   A post-removal stipulation cannot deprive the court of jurisdiction where there is no ambiguity on the face of the petition as to the amount in controversy.

Even if the court were to find the petition ambiguous, however, defendant still met its burden of proof by providing additional evidence on the valuation of the home and the amounts paid out already.  In order to overcome defendant's proof, plaintiff would have to

show by a legal certainty that the amount in controversy fell below $75,000 at the time of removal.

In her motion to remand, plaintiff does not discuss any allegations in the petition; there is no recitation of facts or reference to any facts whatsoever. Instead, she quotes from various cases stating general principles of the law of removal, and attaches a document signed only by counsel and entitled "binding stipulation." Nothing in the stipulation addresses the allegations in the petition. The stipulation states that the damages she seeks do not exceed $75,000, that she will not seek to amend her petition to seek more, that she will agree that her recovery be limited to less than $75,000, that she will not accept a judgment for more than $75,000, and that she will waive any amount recovered in excess of $75,000. The stipulation is not signed by the plaintiff, and counsel provides no authority that such a stipulation would be binding in state court, especially in light of the allegations of the petition, which paint a different picture.

Plaintiff's stipulation, even if it were shown to be binding on her, ultimately merely states what she is now seeking and waives the right to collect more than $75,000 – it does not establish to a legal certainty that less than $75,000 was in controversy at the time of removal, which is the burden plaintiff had to meet in order to prevail in her motion to remand.

### Recommendation

It is the recommendation of the magistrate judge that the plaintiff's motion to remand (rec. doc. 3) be DENIED.

Signed in Baton Rouge, Louisiana, on March 28, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLORIA P. RILEY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-691-BAJ-DLD** |
| **REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 28, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**